THE STATE OF KANSAS v. WILLIAM FORNER.

CRIMINAL CASE; *Appeal; Practice.* Where a defendant in a criminal action tried before a justice of the peace appeals from the judgment of the justice to the district court, the judgment is vacated, and the defendant is placed in the same condition as if no trial had been had. After the appeal is perfected, the case is to be tried in the district court upon the original complaint, if no new or amended complaint is filed, and any evidence competent to establish the offense therein charged is admissible.

*Appeal from Miami District Court.*

PROSECUTION for a violation of the prohibitory liquor law. At the February Term, 1884, of the district court, the defendant *Forner* was found guilty, and adjudged to pay a fine of $200 and costs. He appeals. The facts are stated in the opinion.

*W. H. Brown,* and *W. T. Johnston,* for appellant.
*Jno. C. Sheridan,* county attorney, for The State.

The opinion of the court was delivered by

HORTON, C. J.: The defendant was charged in a complaint filed before a justice of the peace of Miami county, with having unlawfully sold intoxicating liquors without having a permit therefor. The complaint contained one count only. A jury trial was had, and after the evidence on the part of the state had all been introduced, on motion the prosecution was required to elect upon what particular transaction referred to in the evidence it would rely for conviction. (*The State v. Schweiter*, 27 Kas. 499.) The prosecution elected to rely upon a sale of intoxicating liquor made to one Jake Anderson. The defendant was convicted before the justice, and sentenced to pay a fine of two hundred dollars and costs. He thereupon appealed to the district court. Upon the trial in that court, the witness Jake Anderson, who had testified before the justice of the peace, was not present. After the state had introduced all its evidence, on the motion of defendant the county attorney was required by the court to elect upon what particular transaction testified to he would rely for conviction in that court. He elected to rely upon a sale of intoxicating liquor made to one Nathan White, being a different sale from the one to Jake Anderson. The defendant then made a motion that he be discharged, upon the ground that as he was convicted before the justice for a sale of intoxicating liquor to one Jake Anderson, he could not be tried or convicted in the district court for a sale of intoxicating liquor to Nathan White. The motion was overruled. Thereafter, the defendant was found guilty upon the complaint, and adjudged by the court to pay a fine of two hundred dollars and costs. From this conviction and sentence he appeals.

It is his contention that the trial court erred in permitting the prosecution to abandon the sale to one Jake Anderson, testified to before the justice of the peace, and in convicting the defendant upon a sale of intoxicating liquor to Nathan White. We perceive no error in the ruling of the court, and its judgment must be affirmed.

Sec. 22, chapter 83 of criminal procedure before justices, reads:

"The district or criminal court shall hear and determine any cause brought by appeal from a justice of the peace upon the original complaint, unless such complaint shall be found insufficient and defective, in which event the court, at any stage of the proceedings, shall order a new complaint to be filed therein, and the case shall proceed therein the same in all respects as if the original complaint had not been set aside."

This is supplemented by section 23, which provides:

"If, upon a trial in the district or criminal court, the defendant shall be convicted, the court shall assess the punishment, and judgment shall be rendered against him accordingly, and for the costs before the justice of the peace; also, for the costs in such court, and that he be committed to the county jail until the judgment be complied with."

By the appeal voluntarily taken by the defendant from the judgment of the justice of the peace, that judgment was vacated, and the defendant was placed in the same condition as if no trial had been had. After the appeal was perfected, the prosecution was pending in the district court upon the original complaint, and the case stood in that court for trial as an original prosecution there. (*Blackshire v. Railroad Co.*, 13 Kas. 514; *The State v. Curtis*, 29 id. 384.) As the trial in the district court upon appeal must be *de novo*, the defendant took his appeal with a full knowledge of the risks thereof and of all the possible consequences; and the state had the right to offer any evidence tending to establish the charge in the original complaint, regardless of the election had before the justice of the peace. The evidence tending to show an unlawful sale to Nathan White, was competent under the complaint, and was properly admitted. (See also *The State v. McCord*, 8 Kas. 232.)

As the statutes of our state differ widely from the statutes of many of the other states in regard to the matters commented upon, we do not think the decisions referred to, tending to establish a contrary doctrine, are conclusive, or entitled to much weight. The statutes of our state concerning appeals and new

trials, and the decisions already made interpreting them, must control. In view of the provisions of § 21, ch. 128, Laws of 1881, the case of *Commonwealth v. Blood*, 4 Gray, 31, is not directly in point. Said § 21 dispenses with the necessity of stating in the complaint or information the name of the person to whom intoxicating liquors are sold; and the case of *Commonwealth v. Blood* was decided upon the doctrine that, if an indictment charges a party with committing an offense upon the body or property of a person unknown, and it is made to appear at the trial that the name of the person was in fact known to the grand jury at the time when the indictment was found, the defendant will be entitled to an acquittal. Said case is not authority for persons charged with a violation of the prohibitory law. ( *The State v. Schweiter*, supra.)

The judgment of the district court will be affirmed.

All the Justices concurring.