THE STATE OF KANSAS v. FRED COULTER.

| 40 | 87 |
| 42 | 117 |
| 40 | 87 |
| 49 | 762 |
| 40 | 87 |
| 76 | 378 |

1. CRIMINAL CASE — Appeal — Trial de Novo — Evidence. Where an appeal to the district court from a conviction in a criminal case before a justice of the peace is taken, such appeal vacates the judgment, and the cause stands for trial in the district court de novo, and any evidence competent to establish the charge is admissible.

2. INTOXICATING LIQUOR — Criminal Prosecution — Evidence. Where, in a prosecution for a violation of the prohibitory law, the complaint does not allege the kind of liquor sold, or to whom sold, but the prosecuting witness intended to charge a sale to one F., and upon such charge defendant is convicted before a justice of the peace, and from such conviction appeals to the district court, and upon trial in the district court is convicted upon such charge, but upon an alleged sale to one J., and where it is shown that at the time of making the complaint the prosecuting witness had knowledge of the sale to J., and gave his name as a witness, with the names of other witnesses, to the county attorney to sustain said charge, held, the evidence of such sale is properly admitted, and if established, sufficient to warrant a conviction under such complaint.

3. ——— Other Sales; Competent Evidence. Where, on the trial of a charge for the violation of the prohibitory law, it is claimed that the liquor alleged to have been sold was not intoxicating, it is then competent to show sales other than those upon which the state elects to try the defendant, for the purpose of showing the purposes for which said liquor was sold and purchased; and it will make no difference if such sale was included in a complaint, and upon the counts of which defendant had been acquitted.

*Appeal from Marshall District Court.*

PROSECUTION for the unlawful sale of intoxicating liquor. At the March term, 1888, the defendant *Coulter* was tried, found guilty, and sentenced. He appeals. The opinion states the material facts.

*Glass & Polack*, for appellant.

*S. B. Bradford*, attorney general, for The State.

Opinion by CLOGSTON, C.: The defendant was arrested, charged with the unlawful selling of intoxicating liquors, upon the complaint of Aldus Sharp. The complaint is upon five counts. The defendant was convicted before a justice of the peace upon count two in the complaint, and acquitted as to counts one, three and four, count five being dismissed; from which conviction he appealed to the district court, where he was again convicted. The first complaint of this conviction is, that the defendant was convicted in the court below upon the testimony of one Forbes, and in the district court, upon a sale to one Warren Jackson; and for this reason defendant insists that he was deprived of having a fair trial, in not being informed of the specific offense charged against him, and that such conviction was in violation of § 10 of the bill of rights. The complaint upon which the defendant was convicted was a general one, and did not specify the character of the liquor sold, or the person to whom sold. This was a trial in the district court *de novo*, as if no trial had ever been had. The state might introduce any evidence competent to establish this charge, although the conviction had been had before the justice of the peace upon entirely different testimony. The state was not bound by what it did in the court below. This court said, in *The State v. Forner*, 32 Kas. 283:

"As the trial in the district court upon appeal must be *de novo*, the defendant took his appeal with a full knowledge of the risk thereof, and of all the possible consequences; and the state had the right to offer evidence tending to establish the

charge in the original complaint, regardless of the election had before the justice of the peace."

But counsel insist that even if this is true, yet the complaining witness at the time of filing the complaint must have had in view this specific sale upon which the defendant was convicted; and if he did not have that knowledge, then the defendant, under the authority of *The State v. Brooks*, 33 Kas. 708, must be discharged. The distinction between this case and the case cited is, that the defendant in that case was tried and convicted in the district court upon a sale not known to prosecuting witness, and not charged in the complaint; and in this, while the defendant was convicted upon the testimony of a sale to Forbes, before the justice of the peace, yet it was shown that while the prosecuting witness intended to charge a sale to Forbes, yet he also had knowledge, and gave information of that knowledge to the county attorney at the time of filing the complaint, of a sale to Warren Jackson, and gave his name along with the names of other witnesses. Having this knowledge at the time of filing the complaint was sufficient to enable the state to use the testimony of Warren Jackson in securing the conviction in the district court. Sharp had heard Jackson say that he had bought intoxicating liquors —the particular kind sworn to by Jackson being phosphate lemon rye—of the defendant, and he had this knowledge at the time of filing the complaint. Mr. Justice VALENTINE, in *The State v. Brooks*, said:

"If, however, he had in contemplation a larger number, then the state should have been required to elect at the proper time as to which of the offenses and under which counts it would rely for a conviction. If the complaining witness had in contemplation fifty or a hundred or more violations of law, as possibly he had, the prosecution should at the proper time have selected some four of them, and relied upon these four for a conviction, and not have selected some supposed offense of which the complaining witness had no knowledge or thought."

The state in this case, upon motion of the defendant, made its election, and relied upon the sale to Warren Jackson for conviction. In this we see no error.

Counsel for a second ground of objection complain because the court permitted the state to introduce the testimony of three other witnesses to sales made to them, and the circumstances under which the sales were made, and offered to show that these sales and transactions were the same sales and transactions charged in counts one, three and four, of which the defendant had been acquitted in the court below, and for that reason that this evidence was incompetent. The state having elected to rely upon the testimony of Warren Jackson, the jury must convict, if at all, upon that testimony, and the sales shown by the other three witnesses were not very material except for this purpose: The defendant was insisting that phosphate lemon rye was not an intoxicating beverage, but a medicine, and sold for that purpose, and it was competent for the state to show the manner of the sales, and for what purpose sold. It was competent to show by these witnesses that they purchased it for a beverage, and that it was sold by the defendant to persons in a state of intoxication because of its intoxicating effects as a beverage. It is perhaps true that this testimony ought to have been offered in rebuttal, but there was no objection made to it for that reason, and it was competent after the testimony offered by the defendant, though had the evidence been objected to on the ground that it was not competent, at that time, the court doubtless would have sustained the objection; but as the evidence became competent during the course of the trial, we do not think the error was material.

The defendant saved his exceptions to the first three instructions given by the court, and his objection to these instructions is, that the court submitted to the jury the question as to whether or not the sale to Warren Jackson was a sale charged in the information. The objection is made that this was a jurisdictional question, and must be passed upon by the court, and should not be submitted to the jury. This claim we do not think well taken. Jurisdictional questions of this character may be submitted to the jury as well as other questions of fact. It was a question of fact, as to whether or not

the complaining witness had in view, or had knowledge of, the sale to Warren Jackson at the time of filing his complaint. It would also be a jurisdictional question, which the jury must have determined, whether or not this sale took place in Marshall county; and counsel will not say that this cannot properly be submitted to a jury. We think this question was properly submitted to the jury.

The last objection urged by counsel is, that phosphate lemon rye is not an intoxicating liquor as contemplated by the prohibitory law, as interpreted by this court in *Intoxicating-Liquor Cases*, 25 Kas. 752. The evidence offered by the defendant attempted to show that this was a medical compound, designed as a medicine. It was also shown by the defendant that it contained about 23 per cent. of alcohol. The quantity of alcohol does not necessarily determine whether or not a liquor is intoxicating as contemplated by the prohibitory law. The object for which it is used, and its effects when used, must aid in determining whether or not its sale is prohibited. In this case it was clearly shown that this compound, whatever its ingredients may have been, was sold and used as a beverage, and that it produced intoxication similar to the known effects of whisky and other intoxicating liquors. This we think was sufficient to establish its character and restrain its sale.

It is therefore recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.