THE STATE OF KANSAS v. BEN. MARSHALL.

No. 389.

1. INTOXICATING LIQUORS —*Illegal Sale*—*Erroneous Instruction*. In a prosecution for an illegal sale of intoxicating liquor, it is error for the court to instruct the jury that evidence of other unlawful sales may be considered, without any restriction, to determine whether the defendant is guilty of making the sale on which the state elects to rely for a conviction.

2. INFORMATION—*Sufficiently Certain, When*. An information not fatally defective in some essential particular cannot be attacked for the first time after verdict because of mere indefiniteness, when it is sufficiently certain to inform the defendant of the nature of the offense with which he is charged.

MEMORANDUM.— Appeal from Brown district court; R. M. EMERY, judge. Prosecution for violation of the prohibitory liquor law. Defendant, Ben. Marshall, was convicted. He appeals. Reversed in part, and in part affirmed. Opinion herein, filed March 7, 1896, states the material facts.

*A. B. Crockett*, and *Ryan & Stuart*, for appellant.

*F. B. Dawes*, attorney general, and *D. E. Reber*, assistant attorney general for Brown county, for The State.

The opinion of the court was delivered by

GARVER, J. : The appellant, Ben. Marshall, was charged by information filed in the district court of Brown county with certain violations of the prohibitory liquor law. The information consisted of seven counts each charging an unlawful sale, and an eighth count charging the defendant with maintaining a nuisance by keeping a place where intoxicating liquors were sold and kept for sale in violation of law. Upon a trial had November 14, 1895, the jury found a verdict of guilty on the sixth and eighth counts, upon each of which the defendant was sentenced to pay a

fine of $200 and be imprisoned in the Brown county jail 60 days. From this judgment the defendant has appealed to this court.

Several assignments of error are made upon the rulings of the court which directly affect the judgment on the sixth count. The first is as to the sufficiency of the evidence to show that the particular sale upon which the state elected to rely for a conviction was a sale of intoxicating liquor. It was made about the last of August, 1895. At the time of the arrest of the defendant, on September 7, 1895, the sheriff found at his place of business a room fitted up with a bar, ice-chest, and other appliances common to a saloon; and on the premises were three full kegs of beer, two jugs of whisky, partly full, one jug of "blackberry," a lot of beer and other glasses, and one beer keg, partly full, on tap in the ice-chest. A large number of witnesses were examined who testified to buying drinks and drinking at this place during the summer of 1895, up to shortly prior to defendant's arrest. During this time, so far as shown by the testimony, the beverage was drawn from a beer-faucet which protruded from the ice-chest. The drink called for was, as a rule, beer; the defendant usually responding that he had no beer, but that he had ginger ale, and thereupon would proceed to supply the wants of his customers by resorting to the unfailing supply with which the beer-faucet seemed to be connected. No one pretended on the trial that what he drank was ginger ale. He either claimed that he did not know what it was, or admitted, with apparent reluctance, that it looked and tasted like beer. Ed. Anderson, who testified to the sale relied upon for conviction on this count, said that what he drank resembled beer, and that it tasted as near like beer as what he had drunk for beer. Another witness, Cy. Daniels, testified that

he was with Ed. Anderson at the time the sale was made ; that he called for beer, and that the defendant said he had no beer, but had ginger ale. Daniels, however, did not recognize the liquid as beer. The defendant himself was a witness in the case, and denied that he had sold any intoxicating liquors to either of the witnesses who testified on behalf of the state ; but neither he nor any other witness undertook to state what the beverage was which he had on tap in the ice-chest and which he supplied to these witnesses. No one pretends that he kept ginger ale on tap, or that he had a supply of it in any form at his place of business. Other witnesses testified that about this time the defendant furnished them with drinks from the same source, and that it was a " sample of beer," tasted like beer, and looked like beer. The keg of beer seized by the sheriff was apparently the only thing on tap in the ice-chest. Taking into consideration all the facts and circumstances surrounding and corroborating the testimony of the witness Ed. Anderson, we think the jury was fully warranted in saying that it was beer which was sold to these witnesses.

A further objection is made because the court did not permit the defendant to inquire of the prosecuting attorney who his informants were as to the particular sales relied upon for a conviction. The assistant attorney general who prosecuted this case was called as a witness by defendant, and was asked concerning his knowledge, when the information was filed, of the particular sales he elected to rely upon for a conviction. The court refused to require him to name his informants. We do not think the court erred in limiting the inquiry to the mere facts of knowledge or information. If he had the particular sales in mind, at the time the information was filed, it was imma-

terial from what source that information was obtained. The further questions proposed were in the nature of a cross-examination by the defendant of his own witness, which, ordinarily, should not be allowed. We think also that communications of this character, made to a public officer whose duty it is to prosecute public offienses, should be regarded as confidential and privileged. The officer should not be required to disclose them except for reasons which are stronger than any that can be urged in this case.

It is also contended that the court erred in giving to the jury the following instruction :

" In determining the guilt or innocence of the defendant on the first seven counts, you have a right to consider all the evidence introduced in the case, and all unlawful sales made by the defendant, including those given in evidence in which the state has not relied for conviction, and from such evidence determine whether or not the defendant is guilty of making the sale on which the state has elected to rely. But you cannot convict the defendant on sales other than those on which the state has elected to rely."

This objection we think must be sustained. The state has no right to introduce evidence of independent offenses, nor should the jury consider them, for the mere purpose of making weight against a defendant in a criminal case. That a defendant may have committed an offense at another time should not be used as an argument to show that he had criminal propensities, and, therefore, was probably guilty of the offense charged. Under the facts of this case, it was proper for the jury to consider all of the evidence concerning the several sales made by the defendant, about the time of those upon which the state elected to rely for conviction, so far as it had a direct tendency to characterize or explain the transactions which were the immediate subjects of investigation.

Thus, it would be proper to consider such testimony as tending to show whether that which the defendant had on tap in the ice-chest was beer or ginger ale. (*The State v. Coulter*, 40 Kan. 87 ; *The State v. Elliott*, 45 id. 525.) It might also have been properly considered for other special purposes not now necessary to mention. The instruction complained of did not limit the use, in argument and in the jury-room, which might be made of the various transactions on which evidence was introduced. The consideration of such evidence should have been confined to much narrower limits, and restricted to such controverted matters as they might fairly be held to explain.

It is further contended, that the eighth count of the information did not with certainty and directness charge the defendant with being the keeper of a nuisance. No objection was made to the sufficiency of the information, by motion to quash or otherwise, until after verdict ; and while this count is open to the objection of not being as definite as it might have been, yet we think it is sufficiently certain to inform the defendant of the offense charged against him. After verdict, an information will not be held to be insufficient, upon objection then made for the first time, unless it is fatally defective in some essential averment. (*The State v. Knowles*, 34 Kan. 393.) From what has been heretofore said in this opinion, it is apparent there was sufficient evidence to sustain the verdict on this count.

For the reasons herein given, the judgment of the district court will be reversed as to the sixth count, and affirmed as to the eighth count of the information, and the case will be remanded for further proceedings in accordance with the views expressed in this opinion.

All the Judges concurring.