THE STATE v. ELMER L. RAYNOLDS.

No. 115.

1. INTOXICATION LIQUOR — *when compound of ingredients or mixture of liquors is.* A compound of several ingredients, or a mixture of liquors, is an intoxicating liquor within the meaning of the Prohibitory Liquor Law, when such compound or mixture may be taken in sufficient quantity to produce intoxication, and when it is reasonable to presume that it may be used as a beverage and as a substitute for the ordinary drinks.

2. PROHIBITORY LAW — *evidence of sales not in mind of prosecuting witness when information filed incompetent.* Under an information charging an unlawful sale of intoxicating liquor, evidence should not be admitted to show other unlawful sales which were not in the mind of the prosecuting witness when the information was filed; nor should sales, other than that relied upon for conviction, be considered, merely for the purpose of making weight against the defendant.

3. INSTRUCTION — *irrelevant, properly refused.* An instruction, although correct as an abstract proposition, is properly refused by the court when it is not within the issues being tried.

Appeal from Rooks District Court. Hon. Charles W. Smith, Judge. Opinion filed January 10, 1897. *Reversed.*

516          THE STATE v. RAYNOLDS.

N. Dept.          Opinion.   Garver, J.          5 Kan. App.

J. R. Brobst, and W. B. Ham, for appellee.

M. C. Reville, and S. N. Hawkes, for appellant.

·GARVER, J. This was an action in which the defendant was charged, in three counts, with the unlawful selling of intoxicating liquors, and was found guilty upon the second count. For a conviction upon this count, the State elected to rely upon a certain sale of liquor made by the defendant and testified to by Gatfield, the complaining witness. The record in the case is voluminous, and the rulings of the court complained of are numerous ; but, with a few exceptions, the assignments of error are without merit. The evidence shows that the defendant was a druggist, and the proprietor of a drug store in the city of Stockton. Upon the trial, he admitted the sale upon which the State elected to rely for a conviction under the second count, but claimed that the article sold was a mixture of six ounces of whisky and two ounces of tincture of ginger ; that it was sold for use as a medicine, and could not be reasonably used as an intoxicating beverage. The issue upon this count was, upon the trial, practically narrowed down to the one question : Was this mixture an intoxicating liquor, and of such a character that the defendant would be presumed to have known that it was reasonably liable to be used as an intoxicating beverage, and that it was, therefore, within the prohibition of the statute?

It is well settled that not every liquid containing intoxicating ingredients and capable of being used so as to produce intoxication, can be classed as an intoxicating liquor within the meaning of the statute. Where the liquid is a compound of several ingredients, or a mixture of liquors, it must be a compound ·or mixture which may be taken in sufficient quantities

THE STATE v. RAYNOLDS. 517

Jan. 10, 1897.          Opinion. Garver, J.          W. Div.

to produce intoxication, and which it is reasonable to presume may be used as a beverage, and as a substitute for the ordinary drinks. *Intoxicating-Liquor Cases*, 25 Kan. 751. And in any case, where the sale of such compound or mixture is charged as a violation of the Prohibitory Law, it is a question of fact for the jury, under the evidence, whether such sale is within or without the statute. In this case, this was, upon the evidence, a close question. A number of expert witnesses testified upon each side — the testimony of one class tending to prove that the mixture could reasonably be used only as a medicine, and not as a beverage ; the other class testifying that it was an intoxicating liquor which could be used as a beverage, in such quantities as to produce intoxication. We think, under the circumstances of the case, undue importance was given to the fact that the mixture contained a large percentage of alcohol, and was intoxicating. This being a fact not in dispute, the attention of the jury should have been directed more to the use which might reasonably be made of such liquor, and not so much to an exceptional use. Upon this point, as an additional instruction given at the request of the jury after they had retired to deliberate upon their verdict, the court said :

"If you find the liquor sold upon the prescription of Dr. Keigh was compounded of six ounces of whisky and two of tincture of ginger, then you are to say, under the evidence, whether or not it was an intoxicating liquor."

We think the court, in the same connection, should have qualified this instruction by stating that the jury must also find whether it could fairly be presumed that such liquor might be used as a beverage. As, in the general charge, the law was properly given and these qualifications made, this of itself would not

518          THE STATE v. RAYNOLDS.

N. Dept.          Opinion.  Garver, J.          5 Kan. App.

justify a reversal of the judgment, though it may have had a tendency to confuse the jury.

Evidence was admitted, over the objection of the defendant, tending to show other unlawful sales of intoxicating liquors by him, previous to the sale alleged in this case. The offer of this evidence was accompanied by a statement of counsel for the State, that the sales which it was proposed to prove were not in the mind of the prosecuting witness at the time the information was filed, and were independent thereof. So far as the record discloses, neither the prosecuting witness nor the county attorney had any knowledge or notice of such sales. The court also instructed the jury that, in passing on the question whether or not the defendant had such liquors there, at the time he was charged with making the sales relied upon, they might take into consideration any proof of the keeping of intoxicating liquors on the premises of the defendant, for use as a beverage ; and that they might also take into consideration the proof of other unlawful sales to Gatfield, to which he testified, in corroboration of his evidence offered to prove the offense relied on by the State. This was error. The evidence should have been confined to the issues joined between the State and the defendant, and only such evidence admitted as tended to prove the specific offenses charged. Evidence of other offenses should not be injected into a case for the sole purpose of carrying weight against the defendant. *State v. Marshall,* 2 Kan. App. 792 ; *State v. Hughes,* 3 id. 95 ; *State v. Nield,* 4 id. 626. The evidence properly admitted to prove the second count of the information, does not free the guilt of the defendant from reasonable doubt. Admitting the evidence of other unlawful sales, and permitting the jury thus to take it into consideration,

may have had a controlling influence in securing the verdict.

Complaint is also made because the court permitted the jurors, or some of them, to smell and taste the liquor, which, it was claimed, the defendant had sold to Gatfield. This was error. *The State v. Lindgrove*, 1 Kan. App. 51. But, as the court afterward directed the jury to disregard any information which they thus obtained, this, of itself, would not justify a reversal of the judgment.

As there was no evidence tending to show that the article sold was tincture of ginger, the court very properly refused to instruct the jury, as the defendant requested, that tincture of ginger is not, by itself, an intoxicating liquor within the meaning of the statute. There was no such issue before the jury.

Counsel for the State object to a review of this case because of defects in the record. The clerk of the district court certifies to a full and correct transcript of the record in the case, including the bill of exceptions. This record may be open to technical objection because of some apparent omissions, but we think everything is substantially before us, and that the defendant is entitled to the review of the case which we make. The technical objections made to the transcript concern matters which could be readily supplied, and which in no way affect the merits of the several questions which we have considered.

The judgment will be reversed and the case remanded for a new trial.