## THE STATE OF KANSAS V. PATRICK COGGINS.
### No. 660.   (62 Pac. 247.)

1. CRIMINAL LAW—*Misdemeanor—Amendment of Information.*
Amendments to an information charging several misdemeanors, made by leave of the court, prior to the trial of the action, *held* proper, within the provisions of section 72 of the criminal code. (Gen. Stat. 1897, ch. 102, § 93; Gen. Stat. 1899, § 5321.)

2. —————— *Motion to Quash Information—Postponement of Trial.* An oral application for a two days' postponement of the trial, made after the overruling of the motion to quash the information, which had been on file for about two weeks prior to such application, *held,* not error.

3. —————— *Intoxicating Liquors—Inspection by Jury—Error Cured.* Error of the court in permitting the jurors to examine and smell of the contents of two bottles, which witnesses testified contained whisky they had purchased from the defendant, *held,* not ground for reversal, where the court instructed the jury that they should wholly disregard the information and knowledge thus received. (*The State v. Reynolds,* 5 Kan. App. 519, 47 Pac. 573.)

4. —————— *Knowledge of Prosecuting Witness—Instructions.* Action of the trial court in giving and refusing instructions concerning notice or knowledge on the part of the prosecuting witness, who verified the information and who was not called as a witness at the trial, respecting the transactions upon which the verdict of the jury is founded, *held,* not error.

Appeal from Cherokee district court; A. H. SKIDMORE, judge. Opinion filed September 17, 1900. Affirmed.

*W. J. Moore, N. T. Allison,* and *Chas. Stevens,* county attorney, for The State.

*Heaton & Skidmore,* for appellant.

The opinion of the court was delivered by

MILTON, J. : In this case Patrick Coggins was convicted upon each of the eleven counts of an information

charging violation of the prohibitory liquor law, and was given the minimum sentence upon each count. He appeals, and alleges numerous errors of the trial court.

The first alleged error relates to the action of the trial court in overruling the defendant's motion to quash the information and in permitting the same to be amended, and in overruling the motion to strike the amended petition from the files. We think the amendments allowed were proper, within the provisions of section 72 of the criminal code (Gen. Stat. 1897, ch. 102, §93; Gen. Stat. 1899, §5321), and that the amended information was good as against the motion to quash.

Complaint is made of the refusal of the court to grant the defendant's request, made immediately after the overruling of the motion to quash the information, for a two days' postponement of the trial. The application for the postponement was orally made, the ground therefor as stated being that the defendant desired time to prepare for his defense. The information had been on file for about two weeks before the trial took place. The statute provides that no amendment of an information shall cause any delay of the trial unless for good cause, shown by affidavit. The record shows that the defendant did not offer any evidence in his own behalf on the trial of the case. From the foregoing it is evident that the court did not abuse its discretion in requiring an immediate trial.

It is contended that the court erred in permitting the jurors to examine and smell of the contents of two bottles which witnesses testified contained whisky which they had purchased from the defendant. In this matter the court erred. (*The State v. Lindgrove,*

1 Kan. App. 51, 41 Pac. 688; *The State v. Eldred*, 8 id. 625, 56 Pac. 153.)   The court, however, instructed the jury that they should not take into account any evidence which they thus obtained and should wholly disregard the information and knowledge thus received.   The error will not, therefore, justify a reversal of the judgment.   (*The State v. Reynolds*, 5 Kan. App. 515, 519, 47 Pac. 573.)

It is contended that the court erred in refusing to give an instruction asked for by the defendant to the effect that, before the defendant could be found guilty of making sales of intoxicating liquors as charged in the information, the jury must first find that the prosecuting witness had in mind at the time of filing the information every sale upon which the state relied for a conviction.   The instruction as asked for was sufficient, and could not have been given without modification.   The court gave an instruction in substantial accord with the doctrine declared in the case of *The State v. Lund*, 51 Kan. 1, 32 Pac. 657, wherein the first paragraph of the syllabus reads:

"Where an information is verified by the oath of a private person, it will be presumed, in the absence of anything to the contrary, that he had actual knowledge of the facts stated therein."

The prosecuting witness who verified the information did not testify in the case, and there is nothing in the record to indicate that he did not have notice or knowledge, at the time the information was verified, respecting the transactions upon which the verdict of the jury is founded.   The instructions given by the court do not appear to have been excepted to by the defendant.

The election by the state as to the separate sales

upon which it relied for conviction of the defendant was sufficient, within the decision in the case of *The State v. Guettler*, 34 Kan. 582, 584, 9 Pac. 200.

The instructions as a whole are fair and complete and the verdict is sustained by competent evidence. The judgment of the district court is affirmed.