[Criminal No. 357.   Filed June 23, 1914.]

[142 Pac. 644.]

## MOSES A. CLUFF, Appellant, v. STATE, Respondent.

1. INDICTMENT AND INFORMATION—SUFFICIENCY.—The offense of selling intoxicating liquor in local option territory being wholly statutory, an indictment in the language of the statute (Civ. Code 1913, par. 3829) is sufficient.

2. CRIMINAL LAW—EVIDENCE—OTHER OFFENSES.—Evidence of sales, in a prosecution for selling intoxicating liquor in violation of the local option law, other than the sale relied upon, is admissible as in corroboration of the offense charged or to show plan or knowledge or to rebut defenses, where the sale, in accordance with the usual custom, is secret.

    [As to evidence of other crimes in criminal prosecutions, see note in 105 Am. St. Rep. 976.]

3. CRIMINAL LAW—INSTRUCTIONS—PURPOSE AND EFFECT OF EVIDENCE.— In a prosecution for violation of the local option law, where evidence of sales other than the one relied upon by the state for conviction was admitted, an instruction that evidence of other sales could be considered for the purpose of determining whether the accused committed the act charged, and that such evidence was admitted as corroboration of the principal charge, in so far as it tended to throw light thereon, and that accused should be acquitted unless found guilty of that charge beyond a reasonable doubt, while not limiting the evidence of the other sales to show purpose, plan, knowledge or intent or to rebut accused's defense that he had only sold patent medicines, and that the prosecuting witness had procured his whisky elsewhere, is not erroneous, where no additional instruction was requested.

APPEAL from a judgment of the Superior Court of the County of Graham.   A. G. McAlister, Judge.   Affirmed.

The facts are stated in the opinion.

Mr. John McGowan, for Appellant.

Mr. G. P. Bullard, Attorney General, and Mr. Leslie C. Hardy, Assistant Attorney General, for Respondent.

ROSS, J.—The defendant and appellant was convicted of selling intoxicating liquors in a prohibition district in Graham county.   He appeals from judgment of conviction and order

refusing his motion for a new trial. He assigns as errors the overruling of his general demurrer to the indictment and the giving of an instruction.

The material or charging part of the indictment is as follows:

"The said Moses A. Cluff on or about the 1st day of July, A. D. 1913, and before the finding of this indictment, at the county of Graham, state of Arizona, after a local option election had been held in that subdivision of Graham county in which this act occurred and said election had resulted in favor of prohibition, and after the board of supervisors of Graham county had made the order declaring the result of said election, and after the board of supervisors had made the order of prohibition and had caused said order to be published as required by law, did willfully and unlawfully, within the prescribed bounds of prohibition, sell and exchange to one Henry Oleson one pint of alcohol, an intoxicating liquor; said sale being then and there made with the purpose of evading the provisions of the local option law of Arizona, being title 43 of the Revised Statutes of 1901."

The Arizona local option law (chapter 43, Rev. Stats. 1901; title 31, Rev. Stats. 1913) was originally lifted from the local option laws of Texas, and the section thereof (3829, Rev. Stats. 1913) by which the indictment is to be tested has remained unchanged. According to the rulings of the Texas courts, this indictment is sufficient. *Sedberry* v. *State*, 14 Tex. App. 233; *Key* v. *State*, 37 Tex. Cr. 77, 38 S. W. 773; *Willis* v. *State*, 37 Tex. Cr. 82, 38 S. W. 776; *Shilling* v. *State* (Tex. Cr. App.), 51 S. W. 240.

The offense charged is purely statutory, and the general rule is that an indictment or information that employs the language of the statute defining the crime or equivalent language, is sufficient. The language laid in this indictment, describing the offense, asserts the essentials of the crime defined by section 3829, *supra*. The demurrer was properly overruled.

The prosecuting witness Oleson testified to several sales of liquor to him by appellant, giving dates of three of his purchases, one in June, one July 20th, and one in August, 1913. He testified to sales made by appellant to other persons. The evidence was to the effect: That appellant owned a drug-store

and carried a stock of liquor therein.  That in July he re-
ceived in one shipment a barrel of whisky, one of grape
brandy, one of sherry wine, and one of blackberry cordial.
That it was a common thing for three or four men addicted
to strong drink to congregate in appellant's corral, a short
distance from the drug-store, early of mornings before the
people of the village were around, and, while no one saw them
drinking, they would become intoxicated.  The prosecuting
witness was frequently seen going to and from the drug-store
in an intoxicated condition, and was twice seen in the drug-
store placing something in his pocket that looked like a bottle.
The theory of the defense seemed to be: (1) That prosecuting
witness procured liquor from Miami or Globe; or (2) that
he stole it from appellant's drug-store, or both, and that what
was sold him by appellant was barrette, Chamberlain's Heart
Remedy and Jamaica Ginger.  Appellant testified that he
"never sold any liquor at all."  We detail this evidence for
the purpose of showing the hypothesis upon which the in-
struction complained of was given by the court.  There is no
complaint here of the admission of the evidence showing the
different sales of liquor to the prosecuting witness or other
persons.

The objection to the instruction is that it fails to define and
limit the purpose of allowing proof of other sales.  The
appellant's criticism is not directed to the whole instruction,
but to a part of it only.  We give the whole instruction, which
is as follows:

"As I stated to you, the date of the offense relied upon is
alleged in the indictment to have been July 1st.  However,
as stated by the county attorney, the date is July 20th, and
that is the date you are to consider on which the offense was
committed, if at all.  Evidence has been introduced relative
to other and distinct acts of the defendant.  This evidence is
to be considered by you, and has been admitted by the court
for the purpose of aiding you in determining whether the
defendant did or did not commit the act charged on July
20th.  Evidence of distinct and separate acts has been ad-
mitted as corroborative of the principal charge, in so far as
it tends to throw light on the main charge.  You are not try-
ing him for the commission of any of these other acts, and
should not find him guilty merely because you may find from

the evidence that he has committed other specific offenses not alleged in this indictment. You are trying him for the commission of the crime alleged in the indictment alone, and should not find him guilty unless, upon the whole evidence, you can say that he is proven guilty of that charge beyond a reasonable doubt. In other words, in so far as the evidence of other acts of the defendant throws light upon the commission of the offense charged in the indictment, you have the right to consider it. If it does not throw such light, you should disregard it.''

While we would not commend this instruction as a model, when applied to the facts of this case, it seems to us that the jury must have understood therefrom that evidence of other sales of liquor by the defendant was to be considered by them in connection with the theory of the defense and to show the improbability of the contention that the prosecuting witness stole the liquor or brought it from Miami or Globe when he and others had bought it from appellant at different times, or the improbability of all the bottled goods sold by appellant to the prosecuting witness being barrette, or Chamberlain's Heart Remedy, or Jamaica Ginger. The jury were told that a conviction could be had only on the particular sale of July 20, 1913, the sale elected by the state, and that that sale must be proved beyond a reasonable doubt. That evidence of other sales was for the purpose of corroboration and to throw light on the offense charged, to wit, the sale of July 20th.

The law recognizes that it is almost impossible to secure convictions for violations of the local option and other liquor laws, if the evidence is confined to a single sale, as ordinarily the criminal act is witnessed only by the buyer and seller; but observation and common knowledge teach that isolated and secret sales make up and constitute the business or sometimes an important feature of the business of the accused in these cases, and, for that reason, the facts and circumstances of other sales than the particular one charged are admitted as in corroboration of and to throw light on the offense charged. *Childress* v. *State,* 48 Tex. Cr. 617, 90 S. W. 30; *State* v. *Peterson,* 98 Minn. 210, 108 N. W. 6.

Most of the sales testified to in this case were sales made to the prosecuting witness. The appellant denied ever making any sale to him. This being the issue, why was not proof of other sales to the prosecuting witness than the one relied

upon relevant, whether supported by his testimony alone or
by other witnesses as corroborating evidence of the offense
charged? There was no direct testimony of sales by appel-
lant to third parties, except the testimony of the prosecuting
witness, and those sales, if believed by the jury to have been
made, were relevant as a circumstance tending to show that
appellant was in the business of violating the local option law.
There is one thing certain from the record, and that is that,
if appellant disposed of intoxicating liquors at all, he was
doing it secretly and under cover to avoid detection, and, if
a plan or scheme of that kind was followed, the evidence of
other sales was competent and relevant to corroborate and
throw light upon the offense charged, as stated in the instruc-
tion. It must be borne in mind, however, that we are not
passing upon the question of the admissibility of the evidence
in the record, as that is not questioned, but are considering
the correctness of the instruction as applied to the evidence.
The appellant failed and neglected to ask any instruction
covering his views of the law pertaining to the evidence of
other crimes limiting and defining its purposes. He had the
right to do that, and had he done so, it would have called
the trial court's attention to the defects of which he now
complains and afforded an opportunity for their correction.
We think the instruction should have limited and defined the
purpose of the evidence of other sales to show system, plan,
knowledge or intent, as the case may be, and to rebut defenses
set up by the appellant. *Childress* v. *State, supra; State* v.
*Marshall*, 2 Kan. App. 792, 44 Pac. 49; *State* v. *Coulter*, 40
Kan. 87, 19 Pac. 368.

The Kansas cases cited by appellant as condemning the
instruction here given we will notice. In *State* v. *Nield*, 4
Kan. App. 626, 636, 45 Pac. 623, 626, the court said:

"Upon the trial of the case upon its merits, the testimony
of numerous witnesses was admitted, tending to show various
unlawful sales of intoxicating liquors other than those upon
which the state, by direction of the court, elected to rely for
conviction. The defendant requested the court to instruct
the jury not to take into consideration the evidence as to such
other sales in determining the guilt or innocence of the de-
fendant as to the particular sales upon which the state elected
to rely. This the court refused, and nothing upon the subject
was given in the general instructions. In this, we think, the

court erred. While it is proper, in the first place, for the state to introduce evidence concerning any unlawful sales made by the defendant, yet, when an election has been made of a particular transaction upon which the state relies for conviction, the evidence as to other illegal sales is practically eliminated from the case. It cannot be used or referred to merely for the purpose of bolstering up and strengthening the case made by the state upon the elected transaction; and the defendant is entitled to have the jury so instructed.''

We must confess our inability to follow the reasoning of this case wherein it is stated that evidence of unlawful sales, other than the ones charged or relied upon, is ''proper,'' and therefore admissible, but not to be taken into consideration by the jury. We conceive that such evidence is not substantive evidence of the particular offense charged, and that the jury should be so advised. But, if evidence is admissible at all, it is upon the ground that it tends to prove in some manner the issue between the state and the appellant. If it has not that effect, it is incompetent and should be rejected. If it is competent for the state in the first place to prove several substantive offenses and thereafter elect from them the one relied upon for a conviction, it is because of the peculiar character of the unlawful acts. It must be because they are cognated offenses and so interrelated that each characterizes the other. The question in *State* v. *Reynolds,* 5 Kan. App. 515, 47 Pac. 573, was one of evidence and not instructions. In this case the sale was admitted, and there was no dispute as to the ingredients of the liquid. The only question was as to whether it was intoxicating. In such circumstances the court held, and we think properly so, that evidence of other unlawful sales was incompetent.

We are satisfied that upon the whole case substantial justice was done, and that the jury was not misled into rendering a wrong verdict by reason of language used in the instruction complained of.

Judgment affirmed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

Application for rehearing denied.

NOTE.—As to evidence of other crimes in prosecution for violation of liquor law, see note in 62 L. R. A. 230, 290, 325.