[Criminal No. 541. Filed February 6, 1923.]

[212 Pac. 456.].

## JAMES L. BROOKS, Appellant, v. STATE, Respondent.

1. CRIMINAL LAW—LACK OF DILIGENCE IN SECURING WITNESSES AND FAILURE TO TAKE DEPOSITION HELD NOT TO WARRANT CONTINUANCE.—Defendant's lack of diligence in securing the attendance of two witnesses and in failing to take a deposition of his wife, who was ill at the time of trial and had been for several days, as permitted by Penal Code of 1913, sections 1239–1249, *held* to warrant refusing a continuance which, under section 1012, is within the discretion of the court.

2. CRIMINAL LAW—EVIDENCE OF PREVIOUS OFFENSE IN PROSECUTION FOR MANUFACTURING HELD ADMISSIBLE.—In a prosecution for manufacturing intoxicating liquors, testimony that a witness, more than ten months before, had seen apparatus apparently a still in operation at the place involved in the prosecution, *held* properly admitted to show a business of violating the law.

3. CRIMINAL LAW—ADMISSION OF TESTIMONY THAT GAS USED BY DEFENDANT ACCUSED OF MANUFACTURING LIQUOR WAS STOLEN HELD NOT ERROR.—In a prosecution for manufacturing liquor, the ad-

---

1. Attempt to procure testimony as condition of right to continuance to procure witness who is beyond the jurisdiction, see note in **L. R. A.** 1918E, 528.

See 16 C. J., pp. 451, 491, 494; ·17 C. J., p. 56.

mission of testimony that gas being burned under apparatus which was apparently a still was taken from a gas-main, without it passing through the company's meter, *held* not error.

APPEAL from a judgment of the Superior Court of the County of Cochise. Albert M. Sames, Judge. Affirmed.

Mr. George L. Taylor and Mr. John W. Ross, for Appellant.

Mr. John F. Ross, County Attorney, and Mr. W. J. Galbraith, Attorney General, for the State.

McALISTER, C. J.—Appellant, J. L. Brooks, was convicted of manufacturing intoxicating liquors and sentenced to a term of eighteen months in the county jail and the payment of a fine of $300. From this conviction and judgment he appeals.

Two stills in operation were found by the officers in Cochise county February 10, 1922, in a building located on Naco road between Bisbee and Lowell, known as the Brooks garage, and owned by appellant. This building has two stories, the lower a garage, and the upper living apartments, numbered 1, 2, 3 and 4. It has steps on each side leading from the ground to the second story, along which runs a porch practically the full length of the building. The record is not clear, but we gather from it that the apartments open upon both porches, and that no two of them have any interior connection between them.

Armed with a search-warrant, the officers went to the building about 2 P. M. and, after making a fruitless search of the garage, entered apartment 4 upstairs. There they found six or seven barrels of mash, some kegs and two stills running or turning out intoxicating liquors. The stills were on the gas-stove, which was lighted, and each had a pipe leading

25 Ariz.—2

to a barrel filled with water and containing a coil through which ran the liquor, one emptying into a bucket and the other a pitcher. It entered the coil hot, but was cooled as it went through it. This apartment, according to the state's testimony, was unoccupied, though in one of its rooms a bureau with nothing in it or on it and a bed with a mattress and spring were found, but there were no bedclothes other than one or two quilts pulled over in one corner of the bed. Appellant testified, however, that it and apartment No. 3 were then rented to two persons who gave him their names as George Metrovitch and Angelo Bozi, and Nichols, the occupant of apartment No. 2, testified that he saw Metrovitch on the porch between apartments 3 and 4 the day of the raid, and had seen him and Bozi (hereafter referred to as Baze) around there frequently previous to that time. Six unopened letters from various business houses in the district addressed to J. L. Brooks and mailed on different dates in December, 1921, were found under one corner of the mattress.

In apartment No. 1, which was next to the road, the officers found eighteen gallons of corn whisky of the same kind as that being distilled in apartment 4—six gallons behind the couch, five in a keg in one corner of the kitchen, and the rest in the pantry. That behind the couch was in gallon jugs, quart and pint bottles. This apartment was occupied by appellant and had clothes and all kinds of provisions in it, though he testified that he moved to his Rex Arms Apartments on O. K. Street, in Bisbee, just before noon of that day. A dog was on the back porch, and the door was locked.

According to the testimony of the state, apartment No. 3 was also unoccupied. A mattress was on the bed, but there were no bedclothes other than a spread, and the dust on it was thick.

The testimony connecting appellant with the commission of the offense was entirely circumstantial, and it readily appears from the foregoing facts that, if the statements of him and Nichols regarding the occupancy of apartments 3 and 4 by Metrovitch and Baze were true, their testimony would have been very material to his defense.   They were not present, however, when the case was called for trial, and appellant presented a motion for a continuance based upon the absence of them and Pearl Brooks, wife of appellant, which was denied.   The principal error assigned is based upon this action of the court.   The affidavit in support of the motion states, among other things, that Metrovitch and Baze were then away from their usual place of residence or secreting themselves to avoid appearing as witnesses; that they had not been subpoenaed previous to that time because they had informed appellant within a few days prior to the trial that they would, without being served, appear at the trial and testify that they were the tenants in apartments 3 and 4 of the Brooks apartments on Naco road; that they occupied said apartments; and that appellant was not the owner and had no interest whatever in the distilling apparatus found in said apartments at the time of his arrest.

The information was filed February 11, 1922, the arraignment had, the plea taken, and the trial set on March 1st for the 6th of the same month.   The case was called on the day set, but the jury panel was exhausted before the required number of jurors qualified, so the court continued it for two days to secure additional jurors.   When it was again called, on the 8th, these witnesses were still absent, though subpoenas had been issued for them and delivered to the sheriff on the 6th.   The facts which appellant claimed he could prove by them were very material

to his defense, and of such a nature that it must have been evident to him that they would not appear, unless forced to do so by the process of the court, for to testify, as he claimed they would, that they occupied apartments 3 and 4 and that appellant had no interest whatever in the distilling apparatus found in them, meant nothing more nor less than that they were entirely responsible for the crime, and that he was free from any participation in it. Those who transgress the law are not usually prompted by motives so unselfish as, to admit their own guilt in order that an innocent person might go free. Having committed the crime themselves, their only interest is centered in avoiding apprehension and conviction, and not in aiding someone else to escape an undeserved punishment. This should have been evident to appellant, and led him to seek the process of the court immediately after the setting of the case, or at least within a reasonable time before the trial, to secure their attendance, and his failure to do so shows that lack of diligence which should appear before a continuance upon the ground of the absence of such witnesses should be granted, for—

"It is incumbent upon a party who seeks a continuance on account of the absence of witnesses or evidence to show that he used the ordinary means provided by statute to obtain such witnesses or their testimony, where such means would be effectual." 16 C. J. 491.

There appears no reason why the ordinary process of the court would not have been effectual in this instance, since Metrovitch and Baze, so far as the record discloses, were in Bisbee, where they could have been served in time if subpoenas for them had been secured with reasonable promptness. Their presence there is indicated by the statement of appellant that they told him a few days prior to the

trial that they would appear as witnesses without being served.

It appears also from the affidavit in support of the motion for a continuance that Pearl Brooks would have testified to the same facts as Metrovitch and Baze regarding the rental and occupancy of apartments 3 and 4 and the ownership of the distilling apparatus found in the latter at the time of appellant's arrest, had she been present at the trial and questioned concerning them, but, according to the affidavit of her physician, she was at the time, and for more than a week previous thereto had been, so ill that her attendance at court was impossible, a condition known to appellant from the time the case was set for trial, or at least for several days previous thereto. It does not appear, however, that she was so seriously ill that she could not have answered questions propounded to her in her room; yet he made no effort to take her deposition, notwithstanding this course was open to him under the provisions of chapter 3, title 13, Penal Code. The court would undoubtedly have made such an order any day before trial upon an application showing the necessity therefor. In fact this is frequently done after the trial has begun, where the witness is so near the place of trial that it will cause no, or at least very little, delay.

Since, therefore, the granting or refusing of a motion for a continuance in a criminal cause is, under paragraph 1012, Penal Code of 1913, within the discretion of the trial court, and there is nothing showing that such power was exercised in this instance in such a way as to constitute an abuse thereof, there was no error in denying appellant's motion to postpone.

The witness Robinson testified that in April, 1921, he visited the Brooks apartments on Naco road and saw in apartment No. 4 a copper-colored vessel about

twenty or twenty-four inches in diameter and about two feet high, with a cover of some kind on it, upon a gas stove, with the gas under it burning, and that it resembled in color, size, and shape one of the kettles found on the gas stove on February 10, 1922, which had been introduced in evidence. The witness was asked to describe what he saw in apartment No. 4 at that time, but before his answer containing this information was given it was objected to upon the ground that the time referred to was too remote, the theory being that, if it were the purpose of the state to introduce testimony of a similar offense and this were a case calling for the application of that rule, evidence of crimes committed ten months before was of no probative force, since they were so far removed in point of time from the offense charged. This objection was overruled, and we see no error in the ruling, for the reason that the matter of time affected merely the weight of the testimony. There was no objection that the similar offense doctrine did not apply in this class of crimes, and under the holding in *Cluff* v. *State,* 16 Ariz. 179, 142 Pac. 644, there could have been none, for it was there said that evidence of other sales of intoxicating liquor than that charged in the indictment is admissible or relevant for the purpose of showing that the person charged with selling intoxicating liquors was in the business of violating the local option law, and there is no reason why this same doctrine does not apply to the offense of manufacturing intoxicating liquor. There was no objection to the evidence or motion to strike it upon the ground that it did not show the commission of an offense but merely tended in that direction.

The evidence of Robinson further shows that the gas-main had been tapped above the meter, and that the lighted stove upon which the kettle was found

in April, 1921, was fed by gas running from that point through a hose without passing through the company's meter. It is now objected that evidence of the theft of this gas was improperly admitted because it was not a similar offense. It was, however, merely incidental to, though forming a more or less necessary part of, the occurrence he was asked to relate, and there was neither objection to it nor a motion to strike it, accompanied by a request that the jury be directed to disregard it.

The judgment is affirmed.

ROSS and LYMAN, JJ., concur.