[Criminal No. 417.   Filed February 26, 1917.]

[163 Pac. 135.]

## MO YAEN, Appellant, v. STATE, Respondent.

1. INDICTMENT AND INFORMATION—DEMURRER—LACK OF PRELIMINARY EXAMINATION.—Failure to make preliminary examination before a magistrate prior to filing of an information is not ground for demurrer, but is ground for motion to quash the proceedings and abate the action; since the examination need not be alleged on the face of the information, and, unless a defect appears on the face of a pleading, demurrer thereto does not reach the defect.

2. CRIMINAL LAW—PRELIMINARY EXAMINATION—VIOLATION OF PROHIBITION AMENDMENT.—The offense of selling whisky in violation of the prohibition amendment to Constitution, article 23, is a misdemeanor, and preliminary examination before a magistrate is not essential to a proper commencement of prosecution.

3. PRINCIPAL AND AGENT—AGREEMENT TO DO ILLEGAL ACT.—The relation of principal and agent exists by contract, express or implied, and any agreement that authorizes or requires an agent to do an illegal act, or tends to induce the commission thereof, is void.

4. INTOXICATING LIQUORS—GUILT OF AGENT TO BUY—CONSTITUTION—STATUTE—"PRINCIPAL."—Under Penal Code of 1913, section 27, providing that all persons concerned in the commission of a crime, whether felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, are principals, where restaurant patrons gave a waiter a dollar, with the request that he secure whisky for them, and the waiter went to an illegal seller of whisky, who gave him a pint for the dollar, the waiter returning with the bottle to the restaurant patrons, such waiter violated Constitutional Amendment, article 23, the prohibition amendment.

APPEAL from a judgment of the Superior Court of the County of Yavapai. Frank O. Smith, Judge. Affirmed.

The facts are stated in the opinion.

Mr. Robert E. Morrison, for Appellant.

Mr. Wiley E. Jones, Attorney General, Mr. Geo. W. Harben, and Mr. R. W. Kramer, Assistant Attorneys General, Mr. P. W. O'Sullivan, County Attorney, and Mr. Joseph H. Morgan, Deputy County Attorney, for the State.

CUNNINGHAM, J.—The appellant was charged with the offense of selling whisky in violation of the prohibition amendment, article 23, state Constitution, and upon a trial of the charge was convicted, and appeals.

The information charging the offense was presented to and filed in the superior court of Yavapai county by the county attorney, on the thirteenth day of January, 1916. The appellant demurred to the information upon a number of grounds, among which, he charges that the information fails to allege that before the filing of the information a preliminary examination was had before any committing magistrate, or that defendant waived such preliminary examination. Error is based upon the order overruling the demurrer upon this ground.

If this is such a case as the law requires a preliminary examination to be had before a magistrate prior to the filing of an information, the failure to make such examination is not a ground for demurrer, but is a ground for a motion to quash the proceedings and abate the action. If the examination was or was not a necessary step in the proceedings, certainly such step need not be alleged on the face of the information. Unless a defect appears on the face of a pleading, a demurrer to the pleading does not reach the defect. However, the offense charged is a misdemeanor, and a preliminary examination is not essential to a proper commencement of the action.

The information sufficiently charges the accused with having committed the offense of selling whisky on the twenty-fourth day of November, 1915, at Yavapai county, to J. S. Sykes and J. W. Rieff. The information substantially con-

forms to the requirements of the statutes, and the facts stated therein are sufficient to constitute a public offense; consequently the trial court correctly overruled the demurrer.

The appellant in effect contends that the evidence is insufficient to sustain a conviction, and this is the important question presented by the appeal.

The undisputed facts in the case are: That J. S. Sykes and J. W. Rieff, hereafter referred to as the prosecuting witnesses, were detectives engaged in gathering evidence for the purpose of prosecuting violators of the prohibition laws of the state. They had been occupied in such business about Prescott for some time prior to November 24, 1915. During such time they frequently got their meals at the City Restaurant, in Prescott, and the accused as a waiter at such restaurant served their meals to them. On the morning of November 24, 1915, J. W. Rieff, in the presence of J. S. Sykes, gave the accused one dollar, and at the same time requested the accused to buy for them, said Rieff and Sykes, a bottle of whisky with the dollar. The accused, after making some objections, took the dollar and promised them he would get the whisky, or try to get it for them. About 5 o'clock on the afternoon of the same day, the prosecuting witnesses returned to the restaurant for their evening meal, where the accused gave them a pint bottle of whisky. Such were the facts established when the state rested its evidence in chief.

The testimony of the accused establishes the facts that, after taking the dollar from the prosecuting witness, he (the accused) continued in his work until 1 o'clock, when, as was his custom, he left his work until about 5 o'clock. During this rest period, he went out on the streets to look for a colored boy who accused knew sold whisky and from whom the accused had previously bought a bottle of whisky. Accused found the colored boy, and asked him if he (the colored boy) had whisky, and the answer was that he had. The colored boy went up the street, was gone a few minutes, and returned with a bottle in a paper bag, or wrapped in paper. The package was given to the accused, and in return therefor the accused gave the colored boy the one dollar which the prosecuting witnesses had given to him early the same morning. The accused returned to the City Restaurant with the bottle

of whisky, and, when the prosecuting witnesses came for their next meal, gave them the whisky.

When the prosecuting witnesses had testified, the state rested its case in chief. The defendant moved for a directed verdict upon the grounds that the evidence did not warrant a conviction. The motion was denied. The defendant then, as a witness in his own behalf, testified as indicated above. The state offered one witness in rebuttal of immaterial matters. Thereupon the defendant renewed his motion for a directed verdict, and again the motion was denied. Both orders denying the motions for a directed verdict are assigned as error.

The court instructed the jury, among other things, as follows:

"I charge you that even though you should find from the evidence that said defendant only accepted money from said Sykes and Rieff to pay for whisky for them at their request, and if you further find beyond a reasonable doubt that said defendant did take money from said Sykes and Rieff for said purpose, and did procure at their request and did deliver such whisky to them, then I charge you that said defendant is guilty, and you should so find by your verdict."

"I charge you that under the law one who accepts money from another for the purpose of buying liquor for him, and does buy the liquor and does deliver the liquor to the party. who gave the money to purchase it, is guilty of the offense charged in the information, because in such a case the party who procures and delivers the whisky is concerned in the commission of a crime and is aiding and abetting in its commission, and, under the law of Arizona, is a principal in any crime so committed, and is equally guilty with the one who actually sold the liquor and took the money.

"I therefore charge you that if you find, beyond a reasonable doubt, that the defendant accepted money from Sykes and Rieff, or either of them, to procure whisky for them, and did thereafter procure the whisky for them and did deliver to them the whisky, you should find the defendant guilty as charged, regardless of where or how the defendant may have gotten the whisky; and it is wholly immaterial whether the defendant had any interest in or received any financial gain from the transaction."

The defendant requested the court to give an instruction announcing a proposition of law the reverse of that announced in the instruction given and set forth above. The giving of said instruction and the refusal to give the instruction requested are assigned as error.

The questions raised by the motions to direct the verdict and the instructions given the jury, and the order refusing the requested instruction, will all be considered by me as presenting the question whether the evidence adduced is legally sufficient to sustain a conviction, and whether the evidence offered by the defendant set forth a defense to the charge.

The law alleged to have been violated is as follows:

" . . . Every person who sells, exchanges, gives, barters, or disposes of any ardent spirits, ale, beer, wine, or intoxicating liquor of any kind to any person in the state of Arizona, . . . shall be guilty of a misdemeanor and upon conviction shall be" punished as prescribed therein. Const., art. 23.

One will readily observe, from a casual reading of this law, that the act condemned as criminal is the act of transferring the property right in the said liquors from the person in the possession of the same to any other person, when such transfer is made within the state of Arizona. No one will dispute this proposition, and, as the possession of personal property is sufficient evidence of the ownership of such property in the possessor, it follows that a transfer of the possession carries with such transfer, presumably, the property right therein.

Under the terms of paragraph 5149, Civil Code of 1913, a legal "sale" of personal property is defined as follows:

"A sale of goods is an agreement whereby the seller transfers the property in goods to the buyer for a consideration called the price."

This is simply a legislative recognition of the meaning given the word theretofore by the courts, thus:

" 'Sale' is a word of precise legal import. It means at all times a contract between parties to give and to pass rights of property for money, which the buyer pays or promises to pay to the seller for the thing bought and sold." 7 Words and Phrases, 6292.

Clearly, the inducement offered or given by the buyer to the seller bringing about the transfer of the property rights

in the things included within the above prohibition act is not at all material to the consummation of the crime. The crime denounced by the enactment is committed by the act of a transfer of the property right in the said liquors from the so-called seller to the so-called buyer. A transfer of the possession of such liquors from one party to the other, with the intention that the property right therein shall accompany such transfer of possession, consummates the crime denounced, and no other act is essential to its consummation; consequently, no other criminal act is required to be proven by the prosecution to sustain a conviction.

However, the state, in this class of cases, must necessarily connect, by sufficient proof, the person charged with the criminal act of transferring the possession of such liquors with the property right therein from a seller to a buyer, as the words "seller" and "buyer" may be used to refer to the real parties to the transaction.

The appellant, in effect, contends on this appeal that there is no evidence connecting him, the accused, with the act of the seller in transferring the possession and property right in the pint of whisky to the buyer, the prosecuting witness, for the reason the prohibition act does not condemn as criminal the act of buying such liquors, and the evidence conclusively shows that the accused had no part in the transaction other than as the agent of the buyer. Thereby the appellant invokes the well-known elementary rule of principal and agent to the transaction.

In his brief, the counsel for the appellant says:

"It is no offense against the prohibition law to buy whisky, and one buying whisky as the agent for another is not a violator of this law."

In support of this proposition, the counsel forcefully argues at length, and cites many decided cases seeming to hold to such general views.

23 Cyc. 182, announces as a general rule that:

"Where one person assists another in procuring liquor, either . . . or acting as his messenger in going there and bringing back the liquor (from the place it is sold), he is not guilty of selling the liquor to his principal, notwithstanding both the money and goods may pass through his hands, provided he had no interest in the liquor or in the price, and

acted as the agent or intermediary of the buyer, and not of the seller.''

The cases cited by appellant, and many additional cases, may be found cited in the footnote to the above-quoted rule, and in the annotations found in the volumes of annotations subsequently published. These cases, so far as I have examined them, seem to assume that the appointment of one by a buyer to act in his behalf at a prohibited sale of whisky, or other such liquor, establishes the relation of principal and agent, and protects the so-called agent from criminal liability for his (the agent's) participation in the unlawful transaction. In other words, that the buyer can lawfully procure the fruits of a crime through the instrumentality of another and relieve the other from criminal liability by a civil contract creating the relation of principal and agent, simply because the principal may, without incurring criminal liability, do the same act himself, which he appoints the other to do for him and in his behalf.

The relation of principal and agent exists by contract express or implied, and any agreement that authorizes or requires an agent to do an illegal act or tends to induce the commission thereof is consequently void. 31 Cyc. 1214.

''There can be no such thing as agency in the perpetration of a crime, but all persons actively participating are principals.'' *Pearce* v. *Foote*, 113 Ill. 228, 55 Am. Rep. 414; *Leonard* v. *Poole*, 114 N. Y. 371, 11 Am. St. Rep. 667, 4 L. R. A. 728, 21 N. E. 707; *State* v. *Matthis*, 1 Hill (S. C.) 37; *Mexican International Banking Co.* v. *Lichtenstein*, 10 Utah, 338, 37 Pac. 574.

Paragraph 27, Penal Code of Arizona of 1913, is inconsistent with the idea of principal and agent and accessory, as that principle affects acts done in the commission of a crime and in connection with the commission of a crime. That statute is as follows:

''All persons concerned in the commission of a crime, whether it be a felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, . . . are principals in any crime so committed.''

Hence, the buyer as well as the seller of intoxicating liquors is incapacitated by this statute from creating the re-

lation of principal and agent. That relation cannot exist, as it regards the unlawful sale or other illegal disposition of intoxicating liquors within the state of Arizona. It follows that, when the fact is made to appear that whisky is transferred by one in possession of it, to another person, with the intention that such change of possession by such transfer should pass the property right in the whisky, either to the person actually receiving the possession of the goods or to such person for the use and benefit of an absent third person, the crime denounced by the act is committed. The absent third person is legally incapacitated from appointing another as his agent for any purposes connected with the illegal sale of intoxicating liquors made or to be made in Arizona. Consequently, the absent third person cannot in law be represented at such a sale by another, and, if the other person at the illegal sale receives the actual possession and transfer of the right of property therein from the so-called seller, and the thing transferred is received for the use and benefit of an absent third party, the person receiving the goods for such purpose receives them as an assistant to the so-called seller, for him and in his place and stead, to complete the crime by a delivery of the goods, for the reason the property right in goods does not pass from the seller to the buyer in the absence of a delivery or the creation of an obligation on the part of the seller to deliver, and the crime denounced by the prohibition law is not complete until the liquor, or some one of the liquors, mentioned in the law or included within the law has actually been delivered by one person to another.

The evidence produced by the accused does not establish the existence of the relation of principal and agent between the prosecuting witnesses and the accused. It does establish the fact that the colored boy transferred his property right in a pint bottle of whisky, with the possession thereof, to the accused with the intention that the accused would pass the same to the prosecuting witnesses and thereupon complete a sale of the whisky by the colored boy to the prosecuting witnesses. This was what the evidence for the accused established, and the relation thereby created between the colored boy and the accused was that of principals in the commission of the offense. The accused was not a principal

in the crime because of the relation created, but because by his act of delivery, of the whisky, he thereby aided and assisted the colored boy to complete an illegal transfer of the property right in and the possession of the whisky to the prosecuting witnesses as the buyer, and in the absence of such aid and assistance the transfer could not be made by the seller, because the buyer was absent and his identity unknown to the seller.

While the law prescribes no punishment for one who acquires the property right in intoxicating liquors, yet he cannot lawfully contract, expressly or impliedly, with another to act as his representative, at an illegal transaction having for its purpose the doing of a thing which when done is a crime, and, as a consequence, an absent person cannot empower another person to receive the fruits of a crime in his place and stead. If such is attempted, the person who actually attends the illegal transaction, and participates therein to the extent of actually receiving the liquor, the fruits of the crime, and has no interest in the property, nor in the price paid therefor, must be deemed as having so received the property for the purpose of its delivery to the absent so-called buyer. So considered, he is not the seller—the person selling the liquor to the buyer—but he is one who aids the seller to deliver the liquor to the actual buyer, and, as such aider or assistant, he is a principal in the transaction, because he was concerned in the commission of the crime to the extent of intentionally completing the crime by delivering the fruits of the crime. The delivery of whisky to the buyer is an essential element of the crime, and the evidence given by the accused in this case is conclusive that the accused performed the act of delivery, thereby furnishing an essential element of the crime, which would otherwise have been absent, and no crime committed.

This view of the law has been taken by the courts of Oklahoma in *Buchanan* v. *State*, 4 Okl. Cr. 645, 36 L. R. A. (N. S.), 83, 112 Pac 32, and reaffirmed by that court in *Lamm* v. *State*, 4 Okl. Cr. 641, 111 Pac. 1002, and in *Metcalf* v. *State*, 10 Okl. Cr. 77, 133 Pac. 1130. The court relied upon a statute essentially the same as our paragraph 27, *supra*, and upon *Wortham* v. *State*, 80 Miss. 205, 212, 32 South. 50, in arriving at its conclusion in the Buchanan case. The conclusion

reached had the effect of overruling prior decided cases of that court, which was referred to in the opinion. The opinion in the Buchanan case closes with the following observation:

"Even if the sale of the whisky in this case was not made to York, but was made to the defendant, and the defendant was simply acting as the agent of York in making such purchase, the state can elect to treat the sale as having been made to York; and as the defendant assisted in the delivery of the whisky, he thereby aided in the commission of the offense and is guilty as a principal."

The Wortham case relied upon in the Buchanan case is more specific. The court said in that case:

"In every case there is a seller as well as a buyer, and a delivery of the whisky sold is an essential and necessary act of the seller to constitute criminality. The seller here, whoever he was, took the hand of Wortham to make a delivery of the whisky to Thames, and Wortham, whatever his intention was, and however his connection with the matter arose, became a participant with the owner of the whisky in the sale of it to Thames. The essential fact of delivery was the sole act of Wortham. And as in misdemeanors all persons who participate in doing any of the acts constituting elements of crime are, in law, guilty as principals, Wortham may not deny responsibility for his part in this transaction. Wortham was not the agent of Thames in the purchase of the whisky. There are no agents in the violation of law. Whatever acts, being the elements of crime, are done by anyone, are done by such one as principal, and not as agent. No one of the participants in crime is guilty because of a relation of agency to any of the other persons, but each is guilty because his act is a necessary part of the whole crime. Wortham was not the agent of Thames, because agency is not predicable of crime; but his act, in respect to both the seller and Thames, is that of a principal actor. In respect to what was done at the instance of Thames, there is no culpability; but in respect to the delivery of the whisky for the seller to Thames the act was that of Wortham as a principal."

Later cases, decided by the same court, have reaffirmed the same doctrine, as late as 1906. The doctrine may be regarded as settled in Mississippi that one who assists in an unlawful

sale of liquor by participating in the delivery of the liquor to the absent purchaser is a participant with the seller in the crime as a principal because he aided and abetted the act of selling.

The supreme court of Oregon, in *State* v. *Gear,* 72 Or. 501, 143 Pac. 890, as late as September, 1914, takes the same view in a case where the sale was made to a minor through the assistance of a waiter in a restaurant. The waiter took the money from the minor and went into a near-by saloon and purchased beer, with the money given to him by the minor, and returned and delivered the beer to the minor who drank it. The court, after reviewing the facts, quoting the statute prohibiting the sale of liquors to minors, and quoting the statute (section 2370, L. O. L.), defining principals in crime, which is essentially the same in effect as our statute (paragraph 27, Penal Code of 1913) *supra,* says:

"From the standpoint of mere statistics, it must be admitted that the greater number of precedents states the rule to be that the act of the defendant as described above does not render him amenable to the charge of selling liquor to a minor. Most of them, however, are mere dicta, and almost without exception leave out of view the principle embodied in section 2370 already quoted. Taking that section into account, the common sense application of it to the admitted facts in this instance makes it plain that the defendant was a criminal principal in a transaction whereby, for a money consideration paid by the buyer, a minor, the property in some intoxicating liquor was transferred from the seller, the saloon-keeper, to the minor. In short, a sale of intoxicating liquor to a minor took place, and without the assistance rendered by the defendant to the seller the sale would not have been accomplished. Knowing the full scope and purpose of the transaction, the defendant did for the seller an act essential to the completion of the sale, to wit, delivery of the property to the buyer. The action of the defendant in the matter was aiding and abetting the commission of a crime in every sense of the word. He was himself a principal within the meaning of the statute, and his guilt does not depend upon that of any other person. His own conduct connects him as a principal actor in what the law forbids as a misdemeanor, and he cannot rightfully escape on the plea of agency. The significa-

tions of principal and agent and accessory are technical, yet negligible, refinements in such a case with which our statute has wisely dispensed.''

The Wortham case is approved by the court, and the language quoted above is quoted and adopted in the opinion.

The supreme court of Arkansas takes the same view of the law in *Bobo* v. *State,* 105 Ark. 462, 151 S. W. 1000, 153 S. W. 1104, and in *Woods* v. *State,* 114 Ark. 391, 170 S. W. 79.

In legal effect the same principle was approved in *Hunter* v. *State,* 73 Tex. Cr. 459, 166 S. W. 164.

The force of our statute (paragraph 27, Penal Code of 1913) overcomes the weight of all the decided cases holding that an absent buyer may appoint an agent to act as a messenger for him alone, and as such deliver the whisky procured by such agent at an illegal sale to such absent buyer, and such appointment will excuse the agent's act in connection with such delivery from criminal liability. In this jurisdiction, under our laws, a person so acting as messenger is a principal by reason of the aid given the seller in consummating the crime. The courts that have held to the contrary, whatever their reasons for so doing, do not convince me of the right and justice of their conclusions. I regard the reasons given by the courts in the cases cited above as unanswerable. Their logic is sound, and they carry greater weight than any number of cases holding otherwise. In each of the cases cited by me the courts rendering the decision took into consideration the law making all participants in the crime principals, and the cases holding otherwise did not take such law into consideration, so far as I have observed. I do not wish to be understood as criticising unjustly the great courts that have taken an opposite view, because such of the cases as I have examined have been decided upon a state of facts materially different from the controlling facts in this case, or without taking into consideration the principles of law abolishing principal and agent and making all participants guilty as principals. In a large number of the cases examined by me, the sale was not essentially the crime denounced, and at the place the sale was made, such as beyond the limits of the state, the act of sale was legal. In that class of cases, of course, a different rule applies.

I am convinced that the court committed no error by the action taken of which appellant complains. The evidence offered by him did not set forth a defense, and the jury could not consider such evidence as constituting a defense.

I find no reversible error in the record, and therefore I am of the opinion the judgment must be affirmed.

FRANKLIN, C. J., and ROSS, J., concur.

The question whether one who as messenger or agent of another obtains liquor for him, using his money, is guilty of selling the same is discussed in notes in 24 L. R. A. (N. S.) 268; 28 L. R. A. (N. S.) 334.