[Criminal No. 430. Filed March 5, 1918.]

[171 Pac. 133.]

LARRY DUFF, Appellant, v. STATE, Respondent.

1. CRIMINAL LAW—EXPERIMENTS.—In a prosecution for a violation of the prohibition amendment, where the state's witnesses had testified as to the amount of ice in each glass containing liquor, when served to them, the admission of a drinking glass containing a piece of putty to represent the ice and to illustrate the liquid contents when the ice was subtracted was proper; it not being the duty of the court to require the prosecution to have the ice brought into the courtroom, cracked there, and the precise amount of ice placed in each glass.

2. CRIMINAL LAW—ADMISSION OF EVIDENCE—CURE BY INSTRUCTIONS.— In such prosecution, any error in proving, by the sheriff, how much money the county had paid out for detective services and the profit to the county was cured by its exclusion and by an instruction not to consider it.

3. CRIMINAL LAW—DETECTIVE EVIDENCE—WEIGHT AND SUFFICIENCY.— In such prosecution, an objection that the evidence against defendant was largely furnished by hired detectives, and that for that reason its weight and credibility were undermined, was without force, as such fact would have aided the defendant more than it would have harmed him.

4. CRIMINAL LAW—EVIDENCE—OTHER OFFENSES—SCHEME OR PLAN.—In such prosecution, the admission of other acts similar to the one alleged in the information was proper, where it tended to show a scheme or plan resorted to as a subterfuge to evade the law and to

corroborate and throw light on the offense charged, and where effect was limited to showing such scheme or subterfuge.

5. CRIMINAL LAW — DETECTIVE EVIDENCE — PROVINCE OF JURY.—In a prosecution for the violation of the prohibition amendment, the weight and credibility of the testimony of the prosecuting witnesses, detectives employed by the county, by reason of their interest and character was for the jury.

6. CRIMINAL LAW—DETECTIVES.—There is no law forbidding the employment of detectives to engage in the discovery and suppression of crime.

[As to power of prosecuting attorney to employ detective, see note in Ann. Cas. 1915B, 861.]

7. INTOXICATING LIQUORS — OFFENSES — SUFFICIENCY OF EVIDENCE.—In a prosecution for the violation of the prohibition amendment for the sale of whiskey, *held* that there was substantial evidence in the record to support a conviction.

APPEAL from a judgment of the Superior Court of the county of Yavapai. Frank O. Smith, Judge. Affirmed.

Mr. Robert E. Morrison, for Appellant.

Mr. Wiley E. Jones, Attorney General, and Mr. Geo. W. Harben and Mr. R. W. Kramer, Assistant Attorneys General, for the State.

FRANKLIN, C. J.—The appellant was convicted of a violation of the prohibition amendment. On the twenty-second day of May, 1916, about 10 o'clock in the evening, one R. H. Bryant and his wife went into Birch Bros. restaurant in the city of Prescott, entering the restaurant through a rear door and occupying one of the booths reserved for patrons of the place. It appears that in connection with this restaurant the Birch Bros. have a room equipped with bar fixtures, pooltables and other paraphernalia usually found in a saloon, the bar being used ostensibly for the purpose of selling soft drinks or nonintoxicating beverages. The appellant, Larry Duff, was employed by Birch Bros. to sell and serve beverages at this bar, and, on a call from patrons in the booths adjoining the restaurant to take drinks into those private rooms for them. It appears from the testimony of the prosecution that the plan or scheme of the Birch Bros. to evade the law was to sell whiskey, or other intoxicating liquors, to the patrons of the place under the subterfuge of selling ginger

ale. On the evening in question, Bryant and his wife purchased from appellant 14 drinks. These drinks were served in glasses each containing about six ounces of liquid. Seven of the drinks were served to Bryant, and an equal number to his wife. Appellant admits serving these drinks to the Bryants on this occasion, but unequivocally asserts that the glasses placed before them contained nothing but ginger ale, with the addition of a suitable amount of ice to each glass thereof; that he served them with no intoxicating liquor whatever. The Bryants, however, are equally positive that the ginger ale contained in the glasses served to them by Duff contained intoxicating liquor disguised in the ginger ale. They drank portions of the liquid out of each of the glasses, and, when testifying, described with minute particularity the intoxicating effect of the liquor. In addition to this, the Bryants brought with them into the booth an empty pint bottle. In this empty bottle they poured portions of the liquid from each of the glasses served to them by Duff until the bottle was nearly full, whereupon they took it to their room in the hotel and, after pouring a small part of its contents into a smaller bottle, sealed up the larger bottle with its contents. This liquor was afterward analyzed by a chemist, and found to contain approximately forty per cent alcohol. These bottles of liquor were put in evidence over the objection of appellant; the ground of objection being that they were not sufficiently identified. There is no merit in the objection because the identity of the exhibits was established with a great degree of precision.

Appellant complains because the court allowed a drinking glass containing a piece of putty to be admitted in evidence. The Bryants had testified as to the amount of ice that was in each glass containing the liquor when served to them. The purpose of the putty was merely to represent the approximate amount of ice in each glass and illustrate to the jury the liquid contents thereof when the quantity of ice was subtracted. The Bryants testified clearly as to the amount of ice served with each drink, and the exhibit had slight, if any, probative force, but the jury were entitled to have the benefit of the exhibit for what it was worth. The argument that it was the duty of the court to require the prosecution to have ice brought into the courtroom, cracked there and the precise amount placed in each glass, is not convincing.

The county attorney, against the objection of appellant, offered to prove by the sheriff of Yavapai county how much money the county had paid out for detective services in the prosecution of bootleggers and the amount of profit the county had earned since the first day of January, 1915, by reason thereof. This is assigned as error, but the court rejected the offer of proof, and very emphatically told the jury to disregard it and not give it any consideration in arriving at their verdict. Conceding that it was error to make such an offer, it was cured by the ruling of the court and its instruction to the jury.

One of the most vigorous attacks upon the evidence for the prosecution was that it was largely the product of hired detectives, and, for that reason its weight and credibility was undermined. It occurs to us that this offer made by the prosecution, if permitted, would rather have aided this contention of the defense than otherwise.

Over the objection of appellant, the court permitted evidence of other acts than the one alleged in the information, but of a similar nature. According to the testimony for the prosecution, the plan or scheme adopted for the disposal of intoxicating liquor was to disguise such liquor in ginger ale. This was but a mere subterfuge by which the illicit traffic in the forbidden thing was accomplished. The appellant denied the sale of intoxicating liquor altogether. His claim was that he sold ginger ale and nothing else. The principle upon which proof of other acts of a similar nature is allowed in cases of this kind may be readily understood, but it is the practical application of the principle to the concrete case that is attended with difficulty. In those cases where the evidence shows that the defendant has concocted a scheme or plan and is resorting to a subterfuge to evade the law, this class of testimony will be permitted to show the system or plan, to uncover the subterfuge, "in corroboration of and to throw light on the offense charged." In *Cluff* v. *State,* 16 Ariz. 179, 142 Pac. 644, the principle was thus clearly stated:

"The law recognizes that it is almost impossible to secure convictions for violations of the local option and other liquor laws, if the evidence is confined to a single sale, as ordinarily the criminal act is witnessed only by the buyer and seller; but observation and common knowledge teach that isolated and secret sales make up and constitute the business, or some-

times an important feature of the business, of the accused in these cases, and for that reason the facts and circumstances of other sales than the particular one charged are admitted as in corroboration of and to throw light on the offense charged. *Childress* v. *State,* 48 Tex. Cr. 617, 90 S. W. 30; *State* v. *Peterson,* 98 Minn. 210, 108 N. W. 6.''

While in that case the discussion arose upon an instruction and the observations made were limited to the particular assignment of error then before us, we are convinced, in the light of the further consideration afforded, that the principle may be extended to the admissibility of the evidence. The most serious objection to be made against this class of evidence is that the jury might thereby find the defendant guilty under the proof of other similar acts when they would not find him guilty of any particular disposition of the liquor. This is to be obviated, however, by the instructions of the court limiting the effect of the evidence and the consideration thereof to the purpose for which it was offered, and on which account it was alone relevant and material. After doing this and further telling the jury that the question as to whether or not the defendant has been guilty of any other offense is not a question for them to determine, the court said:

''The question before you is whether or not the defendant committed the particular crime as alleged in this information in this case; and, if you fail to find beyond a reasonable doubt that the defendant committed this particular crime as charged in the information, even though you believe he is guilty of these offenses, then I charge you, you must find him not guilty in this case.''

In this we perceive no error. Indeed, the court had previously told the jury that before they may consider the evidence of other sales of intoxicating liquor, they must be satisfied beyond a reasonable doubt that the defendant did sell the particular intoxicating liquor as alleged in the information, which robbed the evidence of other sales of any probative force whatsoever, and obviously is more favorable to defendant than he was entitled.

The prosecuting witness to whom the liquor was sold is a detective who was employed by the county to detect violations of the liquor law. We are asked to scrutinize inconsistencies in the testimony that are inevitable in the record

of every case, to destroy the weight and credibility of the testimony on account of the interest and character of the prosecuting witness, and reconcile the conflicts and resolve all doubts in favor of the defendant. This is all matter for argument to a jury, and it was their exclusive province to determine it. They have determined it against the defendant upon substantial evidence, and there it must end. There is no law forbidding the employment of detectives to aid in the discovery and suppression of crime. Such a method is not inherently bad. Its credibility and weight is therefore for the consideration of the jury. The trial court is not permitted to tell the jury that such testimony is unworthy of belief, that it should be viewed with suspicion, or that it should be closely scrutinized. Under the Constitution, the trial court is forbidden to comment upon the testimony of witnesses. It is sufficient that the evidence has been considered worthy of belief by the jury. Our duty is limited, then, to ascertaining if there be any substantial evidence in the record to support such a verdict, and we so find. Other assignments are made, but they are not of sufficient moment to require further discussion.

Upon the whole case, substantial justice has been done, and, there being no reversible error, the judgment is affirmed.

ROSS and CUNNINGHAM, JJ., concur.