[Criminal No. 428.  Filed March 5, 1918.]

[171 Pac. 135.]

BOB BIRCH, Appellant, v. STATE, Respondent.

1. INTOXICATING LIQUORS—OFFENSES—PRELIMINARY EXAMINATION.—In prosecution for disposing of intoxicating liquor, a preliminary examination before a committing magistrate is unnecessary.

2. CRIMINAL LAW—EVIDENCE—DEMONSTRATIVE EVIDENCE—IDENTITY.—In a prosecution for the unlawful sale of whiskey the admission of the bottle in evidence, after it was definitely traced from the hands of defendant right into the courtroom, was not objectionable on the ground that it had not been properly identified.

3. CRIMINAL LAW — EVIDENCE — OTHER OFFENSES.—In prosecution for unlawful sale of whiskey, the admission of evidence of other sales of a similar nature to that charged in the information was proper, where the evidence for the state was to the effect that defendant showed a desire for secrecy, and disposed of it surreptitiously and by a roundabout way, calculated to evade detection, and where it was limited to showing a plan or scheme.

   [As to when evidence of other offenses is admissible, see notes in 44 Am. Rep. 299; 105 Am. St. Rep. 976.]

4. CRIMINAL LAW—DETECTIVE EVIDENCE—PROVINCE OF JURY.—In prosecution for the unlawful sale of whiskey the testimony of the detectives to whom it was sold was not unworthy of belief merely because of their employment and interest in the case, its weight and credibility being for the jury.

5. INTOXICATING LIQUORS — OFFENSES — EVIDENCE — UNITED STATES LICENSE.—In a prosecution for selling whiskey in violation of the prohibition amendment, evidence that defendant had been granted a license by the United States to retail intoxicating liquor was admissible, as the acquisition or possession of instruments, or other means of doing an act, is always a relevant inquiry.

6. CRIMINAL LAW—SUFFICIENCY OF EVIDENCE—APPEAL.—Unless the evidence is inherently improbable or bad, the supreme court cannot reject the evidence for the state and decide the case upon the evidence for the defendant, as the weight and credibility of testimony must be decided by, and any conflict reconciled by, the jury.

7. CRIMINAL LAW—APPEAL—REVERSAL.—Cases may be reversed in the supreme court only where the record affirmatively shows error prejudicial to some substantial right of a defendant.

APPEAL from a judgment of the Superior Court of the county of Yavapai. Frank O. Smith, Judge. Affirmed.

Mr. Robert E. Morrison, for Appellant.

Mr. Wiley E. Jones, Attorney General, Mr. Geo. W. Harben and Mr. R. W. Kramer, Assistant Attorneys General, and Mr. John H. Campbell, for the State.

FRANKLIN, C. J.—Appellant was convicted of disposing of intoxicating liquor to one S. E. Terry, and appeals. According to the testimony the defendant conducted a business located on Montezuma Street, in the city of Prescott. His establishment is a two-story building in which there is a barroom and restaurant on the first floor. Adjoining the restaurant and used in connection therewith are several private

rooms or booths. A stairway leads from the lower to the upper floor. The upper part of the house consists of rooms, most of which are used for lodging guests, but some of them are set apart for gambling at games with cards. The prosecuting witness, S. E. Terry and his brother, W. W. Terry, were employed by Yavapai county to obtain evidence of violations of the liquor law. At a time about midnight, either the last hour of the 22d or the first hour of the 23d of May, 1916, it is not exactly clear which, these men purchased a pint bottle of whiskey from appellant at his place of business.

Appellant complains of the insufficiency of the information because it is not shown that he was committed to answer for the offense after a preliminary examination before a committing magistrate. We have held that in this class of cases a preliminary examination before a committing magistrate is unnecessary. *Mo Yaen* v. *State,* 18 Ariz. 491, L. R. A. 1917D, 1014, 163 Pac. 135.

Objection is made to the introduction of the bottle of whiskey in evidence because it was not properly identified. It would be difficult to imagine how an exhibit in a case could be more clearly identified. The bottle of whiskey was definitely traced from the hands of appellant right into the courtroom. It is urged that the court erred in allowing evidence of other sales of a similar nature to the one charged in the information. Appellant denied ever making any sale of whiskey to Terry. The evidence for the state is to the effect that the behavior of appellant showed a desire for secrecy. The method adopted by him for disposing of whiskey was surreptitious by a secret and roundabout way well calculated to evade detection. It was urged persistently and with vigor that the prosecuting witnesses were detectives and, by reason of their employment and interest in the case, unworthy of belief. In the case of *Cluff* v. *State,* 16 Ariz. 179, 142 Pac. 644, we said:

"Most of the sales testified to in this case were sales made to the prosecuting witness. The appellant denied ever making any sale to him. This being the issue, why was not proof of other sales to the prosecuting witness than the one relied upon relevant, whether supported by his testimony alone or by other witnesses as corroborating evidence of the offense charged? There was no direct testimony of sales by appellant to third parties, except the testimony of the prosecuting

witness, and those sales, if believed by the jury to have been made, were relevant as a circumstance tending to show that appellant was in the business of violating the local option law. There is one thing certain from the record, and that is that, if appellant disposed of intoxicating liquors at all, he was doing it secretly and under cover to avoid detection, and, if a plan or scheme of that kind was followed, the evidence of other sales was competent and relevant to corroborate and throw light upon the offense charged, as stated in the instruction.''

The court in its charge to the jury was careful to limit this character of evidence to the only purpose for which it is admissible.

The contention here made has this day been decided in *Duff* v. *State, ante,* p. 361, 171 Pac. 133, to be without merit.

Objection is made because the state was permitted to show that appellant had made application for and been granted a license by the United States to retail intoxicating liquor. The acquisition or possession of instruments, tools, or other means of doing an act is always a relevant inquiry. It is usually a most significant circumstance. What does one naturally infer when a government license to sell liquor is purchased by another? The natural inference would be that it evidences a design to sell such liquor of course. It is common knowledge that one does not procure at expense a particular thing as a means for accomplishing a particular purpose without any design to do the act for which such thing is to be used. Like all evidence, its probative value varies as the circumstances of each case are developed.

As in the Duff case just decided, so in this case the testimony of the detectives is vigorously assailed. The thread of their story, however, runs plainly through the record. There are softnesses in it here and there, but in the most solid of rocks little veins of softness are frequently encountered. To what extent these little fissures detract from the weight of solidity of the body is for the jury, under the instructions of the court. The witnesses were subjected to a most searching cross-examination conducted with that skill and vigor with which appellant's attorney is so well equipped. Every matter favorable to appellant's contentions has been brought out and developed both in the trial court and here on appeal.

The character of the witnesses, their employment, the influences which surrounded them, and their interest in the result of the prosecution were with clarity and in detail laid before the triers of fact. Yet, notwithstanding all this, the jury believed the story of the prosecution and discredited that of the defense, and this with the sanction of the trial judge. Unless it is inherently improbable or bad, this court cannot reject the evidence for the state and decide the case upon the evidence for the defendant. There is nothing inherently improbable in the testimony that appellant surreptitiously disposed of a bottle of whiskey. The docket of this court shows that it is not an uncommon thing for men to violate the liquor law. It is an oft-repeated speech of this court that the weight and credibility of testimony must be decided and any conflict in the evidence reconciled by the jury. The court is concerned with the admissibility of evidence in order to guard the jury against erroneous persuasions.

The artificial rules of procedure governing the admissibility of evidence, however, are not the ultimate object of judicial investigation. As Mr. Wigmore says, the procedural rules are devised as a mere preliminary aid to the main activity, viz., the persuasion of the jury's mind by safe materials. It is the proof, then, that assumes the important place in judicial investigation and relatively the most important place. It is upon the proof that the chief duty of counsel is focused in contentious persuasion—mind to mind, counsel to juror, the state against the defendant—each partisan seeking to move the mind of the impartial tribunal. The judgment of a tribunal so constituted to try the fact, being the outgrowth of these conditions and nourished in such an atmosphere, is not, within its peculiar jurisdiction, lightly to be disregarded.

Intoxicating liquor is considered a most serious evil by the people of this state, and they have adopted most drastic measures to suppress it. Those who have any regard for their freedom and reputations must resist the temptation to engage in the traffic. Cases may be reversed in this court only where the record affirmatively shows error prejudicial to some substantial right of a defendant, and there is no such showing in this case.

Some assignments of error are made which have been carefully considered, but, in our judgment, they are without merit, and brevity forbids any particular discussion. Upon

the whole case, the judgment must be affirmed; and it is so ordered.

ROSS and CUNNINGHAM, JJ., concur.

As to evidence of other crimes in prosecution for violation of liquor law, see note in 62 L. R. A. 230, 290, 325.