[Criminal No. 453.    Filed March 1, 1919.]

[178 Pac. 776.]

## C. L. CUMMINGS, Appellant, v. STATE, Respondent.

1. CRIMINAL LAW—EVIDENCE OF OTHER OFFENSES.—In a prosecution for purchasing metal from a boy under 16 years of age, where defendant denied purchase of articles, and alleged that he was formerly engaged in electrical business and owing to removal of plant to different places, and its destruction by fire, copper wire used about plant had become scattered, and that he had arranged with the boy to gather up this wire and bring it to him, evidence of purchase by defendant of metal and junk from boys under 16 years of age upon other occasions was admissible.

2. CRIMINAL LAW—MISDEMEANOR—PRELIMINARY EXAMINATIONS.—No preliminary examination is necessary or essential to proper institution of criminal proceedings against one charged with a misdemeanor.

[As to other offenses as essential element of crime charged, see note in 105 Am. St. Rep. 982.]

APPEAL from a judgment of the Superior Court of the county of Cochise.   A. C. Lockwood, Judge.   Affirmed.

Mr. W. G. Gilmore, for Appellant.

Mr. Wiley E. Jones, Attorney General, Mr. W. P. Geary and Mr. L. B. Whitney, Assistant Attorneys General, and Mr. John F. Ross, County Attorney, for the State.

BAKER, J.—The defendant was convicted of a misdemeanor, and appeals.    The information filed in the case charges that the defendant "did . . . willfully and unlawfully purchase from Miguel Galvez metal and junk, he, the said Galvez, being at the time of the purchase of said metal and junk by the said C. L. Cummings, a person under the age of 16 years."

Evidence of the purchase by the defendant of metal and junk from boys under 16 years of age upon occasions other than that charged in the information was permitted to go to the jury by the court.    The defendant complains of this ruling.    Under the facts adduced, this action of the court was not erroneous.

The testimony tends to establish that the defendant was, or had been, a junk dealer engaged in buying and selling cast-off pieces of metal, brass, copper, wire, etc., and that on the occasion charged he bought from the boy, Galvez, who was under 16 years of age, a faucet and a piece of rubber tube and some lamp burners. The defendant denied the purchase of these articles, and alleged that he was formerly engaged in the electric light business, and that, owing to the removal of the plant to different places and its final destruction by fire, copper wire used about the plant became scattered, and that he had arranged with the boy, Galvez, to gather up this wire and bring it to him, for which service he paid the boy a small stipend.

The evidence of other purchases was admissible for the purpose of showing that the transaction with the boy, Galvez, was a purchase in accordance with a system, plan or scheme adopted by the defendant in the conduct of his business in reference to the purchase of junk in violation of the statute. No attempt was made to convict the defendant of making the other purchases, and no evidence was offered for that purpose. Furthermore, the court in its charge to the jury very prudently limited the evidence of the other purchases as being available by the jury only for the purpose of determining whether in fact the defendant had made the purchase charged in the information. *Cluff* v. *State,* 16 Ariz. 179, 142 Pac. 644; *Duff* v. *State,* 19 Ariz. 361, 171 Pac. 133.

A further complaint is made by the defendant, based on the fact that the court refused to quash the information and dismiss the proceedings because no preliminary examination had been held in the case. We have already decisively held in a couple of cases that when the offense charged is a misdemeanor, no preliminary examination is necessary or essential to the proper institution of criminal proceedings against the one accused. *Mo Yaen* v. *State,* 18 Ariz. 491, L. R. A. 1917D, 1014, 163 Pac. 135; *Birch* v. *State,* 19 Ariz. 366, 171 Pac. 135.

The judgment is affirmed.

CUNNINGHAM, C. J., and ROSS, J., concur.