[Criminal No. 444.   Filed March 14, 1919.]

[178 Pac. 983.]

STATE, Appellant, v. JEFFERSON COLE, Respondent.

CRIMINAL LAW—PRELIMINARY EXAMINATION—VIOLATION OF PROHIBITION AMENDMENT.—In prosecution for misdemeanor, no preliminary examination was necessary prior to filing of the information.

[As to law relating to intoxicants, see note in 64 **Am. St. Rep.** 98.]

APPEAL from a judgment of the Superior Court of the county of Pima.   S. L. Pattee, Judge.   Reversed, with instructions.

Mr. Wiley E. Jones, Attorney General, Mr. L. B. Whitney, Mr. R. W. Kramer and Mr. G. W. Harben, Assistant Attorneys General, and Mr. Kirk T. Moore, County Attorney, and Mr. C. F. Cable, Assistant County Attorney (Mr. John Campbell, of Counsel), for the State.

Mr. George O. Hilzinger and Messrs. Richey & Richey, for Respondent.

XX Ariz.—13

PER CURIAM.—The county attorney filed an information against the defendant in the superior court of Pima county, charging him with a violation of the prohibition amendment. No preliminary examination was held in the case prior to filing the information. The court made an order dismissing the case for that reason, and the state appeals.

We have held that it is unnecessary to hold a preliminary examination in a misdemeanor case prior to the filing of an information charging the offense. *Mo Yaen* v. *State,* 18 Ariz. 491, L. R. A. 1917D, 1014, 163 Pac. 135; *Birch* v. *State,* 19 Ariz. 366, 171 Pac. 135; *Cummings* v. *State, ante,* p. 176, 178 Pac. 776 (just decided).

We are of the opinion that the question was sufficiently considered in these cases. The order dismissing the information is reversed, with instructions to reinstate the case and proceed with the trial.